NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(H) SUBPOENA TO DYNADOT INC. | Case No.: 3:25-mc-80138-TLT <br><br> **CASE MANAGEMENT STATEMENT OF NIMA GHARAVI, MOVANT, *PRO SE*** <br><br> **DATE:** July 31, 2025 <br> **TIME:** 2:00 PM <br> **JUDGE:** Hon. Trina L. Thompson |

## 1. JURISDICTION & SERVICE

This Court has subject matter jurisdiction under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this matter involves enforcement of a subpoena issued under the Digital Millennium Copyright Act, 17 U.S.C. § 512(h). Service has been completed on Dynadot Inc. ("Respondent") through multiple certified mail communications with electronic return receipts. No jurisdictional or venue disputes are anticipated.

## 2. FACTS

This case appears to present a matter of first impression on whether DMCA subpoenas under 17 U.S.C. § 512(h) apply to domain name registrars. Respondent provided limited responses on June 26, 2025, but has since failed to meet key deadlines: July 14, July 15, and July 23, 2025. Mr. Gharavi made reasonable efforts to resolve all issues, but Respondent declined to substantively participate. Respondent has provided only partial compliance, producing some domain registration data but refusing to provide requested IP address logs while citing the transmission safe harbor provision, 17 U.S.C. § 512(a).

## 3. LEGAL ISSUES

The core legal issue is whether domain name registrars are subject to subpoenas under 17 U.S.C. § 512(h), regardless of claimed transmission safe harbor protections.

No controlling precedent appears to exist on this point. The Court's merits decision will guide future cases, rights holders, and service providers.

## 4. MOTIONS

Mr. Gharavi has filed an Unopposed Motion to Compel Compliance with DMCA Subpoena, which is currently set for hearing on October 21, 2025, at 2:00 PM. Despite Respondent's explicit statement that it would not object to a court order compelling compliance, Respondent has failed to file a statement of non-opposition within the court-ordered deadline. The motion is now unopposed by default due to Respondent's repeated failures to respond. No other motions are currently pending or anticipated.

## 5. AMENDMENT OF PLEADINGS

Mr. Gharavi does not plan to amend the motion or supporting pleadings at this time, as the legal and factual issues are well-defined and the motion seeks to establish important precedent regarding the application of DMCA subpoena provisions to domain name registrars.

## 6. EVIDENCE PRESERVATION

Mr. Gharavi has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information available on the Court's website. While Rule 26(f) evidence preservation discussions were not initially contemplated for this limited subpoena enforcement proceeding, they became relevant with the Court's case management requirements.

Mr. Gharavi attempted to engage Respondent in meet and confer discussions, including offering a teleconference on June 26, 2025. When Respondent failed to acknowledge this request, Mr. Gharavi stated his interpretation that Respondent was declining to meet and confer, inviting correction if incorrect. Respondent replied but did not refute this interpretation.

Given Respondent's established pattern of declining to engage, Mr. Gharavi has been unable to conduct Rule 26(f) evidence preservation discussions. Mr. Gharavi remains willing to meet and confer regarding reasonable evidence preservation steps.

**7. DISCLOSURES**

Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) are not applicable to this miscellaneous proceeding given its limited scope and nature as a subpoena enforcement action that raises significant issues of first impression.

**8. DISCOVERY**

Discovery is expected to be limited to issues of Respondent's business operations relevant to DMCA safe harbor provisions and its obligations under copyright law. No significant discovery disputes exist, as Respondent has declined to participate in case management discussions.

**9. CLASS ACTIONS**

This matter does not involve class action issues.

## 10. RELATED CASES

Mr. Gharavi is not aware of any directly related cases. However, this case appears to raise issues of substantial public interest and precedential significance regarding the application of DMCA subpoena provisions to domain name registrars. The apparent absence of controlling precedent on this issue has created uncertainty for rights holders, service providers, and courts nationwide. The Court's ruling will likely have precedential value for similar enforcement actions and will provide essential guidance for the application of DMCA provisions in the modern internet infrastructure landscape.

## 11. RELIEF

Mr. Gharavi seeks an order determining that Respondent qualifies as a provider of "Information Location Tools" under 17 U.S.C. § 512(d) and is therefore subject to identification subpoenas under 17 U.S.C. § 512(h) regardless of claimed transmission safe harbor protections under § 512(a). Based on this precedential determination, Mr. Gharavi requests an order compelling complete compliance with the DMCA subpoena.

While Respondent's failures to respond have rendered this motion unopposed, Mr. Gharavi respectfully requests that the Court reach the merits given the apparent first impression nature of this legal issue. The precedential significance warrants substantive judicial analysis rather than resolution by default. Mr. Gharavi seeks a merits-based ruling that will establish legal precedent **regardless of whether that ruling grants or denies relief.**

## 12. SETTLEMENT AND ADR

No settlement discussions have occurred due to Respondent's failure to participate. A settlement conference may still have value, but Mr. Gharavi prioritizes a decision on the merits given the precedential importance of the legal issue.

## 13. OTHER REFERENCES

Not applicable.

## 14. NARROWING OF ISSUES

The most consequential issue is establishing legal precedent regarding whether domain name registrars must comply with DMCA subpoenas despite claimed transmission safe harbor protections. This precedential determination could be resolved efficiently through the Court's ruling on the pending unopposed motion to compel, potentially providing essential legal guidance that extends far beyond this specific subpoena enforcement. The legal issue is discrete, well-briefed, and ripe for judicial determination, allowing for efficient resolution that will benefit the broader legal community and internet stakeholders.

## 15. SCHEDULING

Mr. Gharavi defers to the Court on scheduling and agrees that Court guidance is particularly appropriate given Respondent's failure to engage.

## 16. TRIAL

This case will be tried by a judge. Given the focus on legal precedent and statutory interpretation, the matter may be resolvable on the papers without need for extensive evidentiary proceedings. Any trial is expected to last no more than one day, though the precedential significance of the legal issues may warrant detailed judicial consideration and a written opinion providing guidance for future cases.

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

There are no non-party interested entities or persons requiring disclosure.

## 18. PROFESSIONAL CONDUCT

Not applicable, as Mr. Gharavi is self-represented and proceeding *pro se*.

## 19. OTHER

This miscellaneous proceeding raises issues of substantial precedential significance regarding DMCA provisions and domain name registrars. Mr. Gharavi is prepared to attend the Initial Case Management Conference via videoconference on July 31, 2025.

Although Respondent's pattern of failing to meet court deadlines has resulted in an unopposed motion, Mr. Gharavi emphasizes that the precedential value depends on substantive judicial analysis rather than default resolution. The Court's merits-based determination will provide crucial guidance for copyright enforcement in the digital economy.

**Dated:** July 24, 2025

                                                                  Respectfully submitted,

                                                                   <u>/s/ Nima Gharavi</u>
                                                                   Nima Gharavi

                                                                   Movant, *Pro Se*

# [PROPOSED] CASE MANAGEMENT ORDER

The above Case Management Statement is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____, 2025      _____

Hon. Trina L. Thompson

UNITED STATES DISTRICT JUDGE